**FIRST STATE BANK OF GARRISON v. COMMERCIAL STATE BANK.**
**(No. 1762.)**

Court of Civil Appeals of Texas. Beaumont. Jan. 31, 1929.

Adams & McAlister, of Nacogdoches, for appellant.

Blount & Russell, of Nacogdoches, for appellee.

WALKER, J. On the 12th day of April, 1927, the First State Bank of Garrison, by and through its president, J. W. Stallings, made, signed, executed, and delivered to Commercial State Bank the following contract:

"Whereas, the contracting firm of Latimer & Pursifull under contract with the proper authorities, in the State of Louisiana built certain roads in Vernon Parish, said State, being projects No. 145C and have completed the same and the same has been accepted by the proper authorities of said State. And, whereas, certain sums of money are due said Latimer & Pursifull from the Highway Department of said State for the completion of said work, the payment of a portion of which sum so due is held up and not paid by said Highway authorities because of claim made by John Thompson, against said Latimer & Pursifull for work done and material furnished in the building of said road of which claim amounting to $6,700.00, the said Highway department of the State of Louisiana has been duly notified.

"And, whereas, said John Thompson, is releasing the said Highway Department from any obligations or duty in paying said money to Latimer & Pursifull and is authorizing the payment to them so far as his rights are involved.

"And, whereas, the check or voucher to cover said amount will be sent to the First State Bank of Garrison, at Garrison, Texas, payable to Latimer & Pursifull from whom said Bank has authority to endorse the same to itself and collect.

"And, whereas, said John Thompson, has assigned his claim against the same amounting to $6,300.00 to the Commercial State Bank at Nacogdoches, Texas.

"Now, therefore, the First State Bank of Garrison, Texas, hereby binds itself and contracts and agrees with the said Commercial State Bank of Nacogdoches, Texas, to pay over to the said Commercial State Bank the sum of $6,300.00 as soon as same is collected, as above set out. Said amount of said fund being the property of the said Commercial State Bank, and said First State Bank of Garrison, Texas, will not authorize the said Highway Department to pay said money directly to Messrs. Latimer & Pursifull, or either of them, except through check sent to said First State Bank as heretofore done in the work of said project.

"[Signed]

"First State Bank, Garrison, Texas,
    "J. W. Stalling, President."

On the 23d day of August, 1927, the Commercial State Bank filed suit on this contract, alleging that the $6,300 had been paid to the First State Bank of Garrison, and "that by the terms of the contract said defendant bank was bound and obligated at once on receipt of said money to pay to this plaintiff the said sum of $6,300; that notwithstanding such obligation and that said monies were due and payable to this plaintiff by the terms of said contract as soon as paid to said defendant bank, the said defendant bank has failed and refused to pay said sums, etc.," praying for judgment for the principal sum of $6,300.

The defendant answered by general demurrer and general denial, and by special pleas denying authority on the part of its president to execute the contract, and pleading, in denial, that the act of the president was ultra vires, pleaded in hæc verba the provisions of its by-laws denying its president authority to execute contracts of this nature. Defendant further answered as follows:

"5. And further answering, in the event of the contract being valid and executed by J. W. Stallings as president and within the scope of his employment, though this is specially denied, then and in this event only the defendant says that at the time of the execution of said agreement that plaintiff represented and led the said Stallings to believe that there had been a final settlement and accounting between Latimer & Pursifull and John Thompson for Project No. 145–O Vernon Parish, State of Louisiana and relying upon the representations that there had been a final accounting as aforesaid and that it was agreeable with Latimer & Pursifull for the defendant to accept the money coming from said Project and to pay same to plaintiff, the agreement was signed, and at the time of signing the said agreement, the said Stallings relied upon the believed representations as to a final settlement and accounting between the parties having been made, when in truth and in fact there had been no final settlement and accounting between Latimer & Pursifull and John Thompson for Project No. 145–O as represented and relied upon, but that the same is yet unsettled and pending.

"6. And further, that said Stallings relied upon the statements to final settlement and accounting and agreed, without any authority further than in his individual capacity, to hold the said sum as the final and full settlement between Latimer & Pursifull and John Thompson, when the said Latimer, to whom this said money was coming was indebted to the defendant in a sum far greater than said amount attempted to be delivered by the said Stallings to the plaintiff, in that at the time of the agreement to deliver the same to plaintiff, there was an over-draft of several thousand dollars due the defendant by Latimer and his privities, and that said agreement by said Stallings was a breach of his duty to the defendant, and constituted a fraud upon the defendant, as the money as attempted to be impounded for plaintiff by the said Stallings are and were funds equitably due and coming to defend-

ant, in that the defendant had furnished and made arrangements with the said Latimer & Pursifull to finance Project No. 145–C, and that it was to be reimbursed for all indebtedness due and arising by virtue of said Project, and that the sum as now retained by the defendant will not pay the sum which was spent by Latimer & Pursifull in construction and completion of said Project, and that said amount so impounded is money that should be applied to the diminishment of the debt due the defendant, in that the defendant made arrangements for completion of work, which said sum as held is a direct proceeds thereof, and is coming to defendant, and that the execution of the agreement as herein sued upon, by said Stallings, if carried out would defeat the lien as given defendant by law upon the proceeds and that the execution was and is against the rights of the defendant, and there is now outstanding an indebtedness due defendant by Latimer & Pursifull for moneys furnished to construct and finish Project No. 145–C.

"7. And, further, that there has been no final accounting and establishment of the indebtedness between Latimer & Pursifull and John Thompson, but there is an existing debt between said parties for the construction and building of Project No. 145–C, and when same is had that same will be, if any, far less than money now impounded and sought to be applied by plaintiff on agreement as herein sued upon, and if said Stallings had authority to so bind the defendant, which is specially denied, it was for only the amount as due and coming to said John Thompson for labor and material furnished in the construction and finishing of Project No. 145–C, and the amount due to plaintiff, if the agreement be binding, is the amount that is due John Thompson, and defendant has been notified by Latimer & Pursifull not to pay same over to plaintiff, in that Latimer & Pursifull owed John Thompson nothing, and that the amount as impounded by the defendant as the amount received from Project No. 145–C belongs to and is the property of Latimer & Pursifull, and the defendant has no authority to pay the same to plaintiff, as it has been notified of the status of the account between Latimer & Pursifull and John Thompson, as at no time did Latimer & Pursifull authorize or agree to the payment, in that they owed John Thompson nothing at the time the agreement was executed by Stallings to plaintiff, and in the execution of the agreement it was for the amount as represented to be due by Latimer & Pursifull to John Thompson, as no authority was given said Stallings by Latimer & Pursifull to so agree to the surrender of the sum collected from Project No. 145–C, and that if there be anything coming to John Thompson, which has been assigned to plaintiff, it would only be the true amount that is (due) John Thompson, and that the amount, if any, is small, and will

not exceed, so the defendant is informed, the sum of $250.00, and notice has been served not to deliver same, but to credit the account of Latimer & Pursifull due the defendant with funds impounded until a settlement and accounting is had between Latimer & Pursifull and John Thompson, and that there is now existing an accounting and that before the defendant be required to pay the amount so impounded that there be an accounting, and if defendant be liable for said agreement of Stallings, that it pay the amount that is due John Thompson on the accounting, as the Plaintiff's agreement is and was for the amount that is due and coming to John Thompson under and by virtue of the laws of Louisiana according to his lien as attempted to be established against the funds for Project No. 145–C.

"8. That the $6,300.00, the amount for which plaintiff sues and the amount as stipulated in agreement is held by the defendant and is the funds of Latimer & Pursifull, and that defendant has a lien on same as aforesaid, for the construction of Project No. 145–C, but if no lien is existing in favor of the defendant superior to plaintiff's on account of agreement made by said Stallings, plaintiff is only entitled to amount coming to John Thompson on final accounting and settlement between him and Latimer & Pursifull, and that nothing is coming to John Thompson on Project No. 145–C that can be impounded, as was impounded by said Thompson with the Highway Commission of the State of Louisiana, and defendant here now pleads and proffers the final accounting and settlement between Latimer & Pursifull and John Thompson, and that nothing is due, and that plaintiff is not entitled to recover of the defendant anything in that the sum as sought to be collected is the amount due John Thompson by Latimer & Pursifull, and that the funds so impounded is the property of Latimer & Pursifull and not that of John Thompson and is subject to the payment of the amount due the defendant by Latimer & Pursifull in the event of the agreement as executed by Stallings is ultra vires."

"Wherefore, defendant prays that plaintiff take nothing herein against the defendant, and that it go hence without day and recover of the plaintiff its cost, but in the event of the agreement as executed by said Stallings be valid and binding, then an accounting be had and the sum due John Thompson as a balance on Project No. 145–C be had and the sum due John Thompson as a balance on Project No. 145–C be established and that the defendant be required to pay to plaintiff only such amount as may be found to be the just and due sum coming to John Thompson as a balance due for the construction of Project No. 145–C, and for such other and further relief as this defendant may be justly entitled to, in law and in equity, etc."

The trial court sustained demurrers to ap-

pellant's special pleas, and on a hearing entered judgment against it for the amount sued for.

### Opinion.

·The exceptions to the plea of ultra vires were properly sustained, as the facts pleaded did not raise that issue.

But the court erred in sustaining the exception to the portions of the answer copied supra. These exceptions, though denominated special, were, in substance, general demurrers, putting in issue the legal sufficiency of the facts pleaded to constitute an answer to plaintiff's demand. If this contract was entered into on representations made by plaintiff that Latimer & Pursifull and Thompson had settled their differences and $6,300 was due Thompson under this agreement, when, in fact, no such settlement had been made, appellant would not be liable for any sum greater than Latimer & Pursifull's actual debt to Thompson. That was the issue tendered by appellant's pleadings and should have been heard by the court.

For the error in sustaining the exceptions to defendant's answer, the judgment of the trial court is reversed, and the cause remanded for a new trial.